IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DE'AMFUS QUANTEZ KIMBLE, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | CIV. A. NO. 25-00042-JB-MU |
| JOHN HAMM, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**REPORT AND RECOMMENDATION**

Plaintiff De'Amfus Quantez Kimble, an Alabama prisoner, filed this action under 42 U.S.C. § 1983, without the assistance of an attorney *(pro se)*. (Doc. 1). Plaintiff however has not paid the statutorily required filing fee or a motion to proceed without prepayment of fees, despite the Court's order to do so (*see* Doc. 3). For this reason, the undersigned **RECOMMENDS** Plaintiff's complaint be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

**I.  Background.**

Plaintiff initiated this action in January 2025. (Doc. 1). He, however, filed the complaint without paying the statutory filing fee of $405 or filing a motion to proceed without prepayment of fees or *in forma pauperis* (IFP). Plaintiff was ordered to file a proper IFP motion or pay the required fee by March 5, 2025. (Doc. 3). Plaintiff was cautioned that failure to file the IFP motion (or pay the fee for filing a civil action) within the required time would result in a recommendation to dismiss this action for failure to prosecute and to comply with the Court's order. (*Id.*). The Court order was mailed to Plaintiff at Fountain Correctional Center (his provided address) and has not been returned

by the United States Postal Service. Additionally, an independent internet search confirms that Plaintiff remains incarcerated at Fountain Correctional Center.[1]

**II.     Dismissal.**

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, the deadline for compliance with the Court's order has passed, and Plaintiff has failed to file the required statutory filing fee or an IFP motion, as directed by the Court. Nor has Plaintiff contacted the Court in any manner since the initial filing of his complaint.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

**III.    Conclusion.**

---

[1] *See* https://doc.alabama.gov/InmateHistory.aspx (last visited 5/2/2025).

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **2nd** day of **May 2025**.

　　　　　　　　　　　　　　　　　　　　**/s/ P. BRADLEY MURRAY**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**